**UNITED STATES of America ex rel.**
**Leroy James PADGETT**

v.

**Harry E. RUSSELL, Supt.**
**Civ. A. No. 70–684.**

United States District Court,
E. D. Pennsylvania.
Aug. 24, 1971.

**42**

Leroy James Padgett, pro se.

Arlen Specter, Dist. Atty., J. Bruce McKissock, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

HIGGINBOTHAM, District Judge.

The petitioner, Leroy Padgett, after a June, 1965 jury trial, was convicted of second degree murder. Post-trial motions were filed and denied, but no appeal was taken. Padgett subsequently filed a petition under the Post Conviction Hearing Act alleging only that the trial court erred in allowing the introduction into evidence of a statement obtained in the absence of counsel at a time when representation was constitutionally required. Post-conviction counsel was appointed, an evidentiary hearing held and relief denied. In a thorough and careful opinion, the Supreme Court of Pennsylvania affirmed the denial of post conviction relief. Common-

wealth v. Padgett, 428 Pa. 229, 237 A.2d 209 (1968).

■ The present petition raises three central questions, *first,* did the police interrogation of petitioner in the absence of counsel violate the standards of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 22 L.Ed.2d 977;[1] *second,* if the interrogation of petitioner violated the custodial interrogation standards of *Escobedo,* was it constitutional error to admit this statement to impeach the credibility of the defendant, but not as part of the prosecution's case in-chief? *third,* if the admission of the statement for purposes of impeachment violated *Escobedo,* was this admission nonetheless harmless constitutional error under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). After a careful review of this matter, I have concluded that the recent decision of the United States Supreme Court in Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) authoritatively resolves the second question; even assuming the initial interrogation was conducted in violation of *Escobedo, Harris* indicates that the admission of the statement so obtained to impeach the defendant's credibility is constitutionally permissible. In this light, the relator's petition for habeas corpus must be denied.

### I.

■ At the outset, it is clear that because petitioner's trial took place after the decision of the United States Supreme Court in Escobedo v. Illinois, *supra,* the standards of *Escobedo* are applicable to the present case. Virgin Islands v. Lovell, 378 F.2d 799 (3rd Cir. 1967). Therefore, the first question raised by this petition is whether it is permissible under *Escobedo* for the police to question a suspect without warning him of his right to remain silent.

---

1. Since petitioner's state trial occurred before the date of the U. S. Supreme Court's decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the standards of Miranda are not applicable in determining the validity of petitioner's interrogation and the validity of admitting his statement at that trial. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

In relator's appeal from the denial of post conviction relief, the Commonwealth conceded before the Pennsylvania Supreme Court that the statement in question "was obtained from appellant under circumstances violative of *Escobedo*." 237 A.2d at 210. In the petition before this Court, the District Attorney of Philadelphia has not made this concession, but rather argued that *Escobedo* applies only to its precise facts, i. e., the failure to warn the suspect of the right to remain silent "where the suspect requests and is denied an opportunity to consult with his lawyer."[2] In my view, it is not necessary here to resolve this question; for even assuming that the interrogation was conducted under circumstances violative of *Escobedo*, Harris v. New York, *supra*, is clearly dispositive of petitioner's claim. *Harris* limited *Miranda*, and by necessary implication *Escobedo*, in holding that a statement obtained through improper custodial interrogation could be introduced to impeach the credibility of the defendant, though not to establish the prosecution's case in chief. While recognizing that "Miranda barred the prosecution from making its case with statements of an accused made while in custody prior to having or effectively waiving counsel" the Court concluded that "[i]t does not follow from *Miranda* that evidence inadmissible against an accused in the prosecution's case in chief is barred for all purposes, provided of course that the trustworthiness of the evidence satisfies legal standards." 401 U.S. at 224, 91 S. Ct. at 645.

◼ Here the challenged statement is alleged to have been taken under circumstances violative of the Sixth Amendment standards of *Escobedo*, rather than the Fifth Amendment standards of *Miranda*. But there is no rational or persuasive basis to limit *Harris* to statements taken in violation of *Miranda*. As the Supreme Court of Pennsylvania noted in its opinion in Commonwealth v. Padgett, *supra*, *Miranda* and *Escobedo* "were crafted from the same constitutional fabric and were designed to effectuate the same purposes."[3] (237 A.2d at 210). In *Miranda*, Chief Justice Warren affirmed for the majority that "we adhere to the principles of *Escobedo* today." 384 U.S. at 444, 86 S.Ct. at 1612. It would be anomalous to view *Harris* as permitting the use of reliable statements obtained in violation of *Miranda* for impeachment while denying a similar and limited use of reliable statements obtained in violation of *Escobedo*. The policy of *Harris* was to prevent the use of improperly obtained statements in the prosecution's case in chief, but at the same time to limit any possible incentive or opportunity for the commission of perjury by a defendant. *Harris* represented a balancing of the right of a criminal defendant to be free from the effects of improper custodial interrogation and the right of society to counteract the effect of possibly perjured testimony by the defendant. So stated, this policy is applicable to the limited use of the fruits of improper custodial interrogation under both *Escobedo* and *Miranda*. The admission of defendant's statement to impeach his credibility, therefore, was not constitutional error.

II.

◼ As a second, alternative ground of decision, I find that the admission of the statement taken by the police, even without regard to Harris v. New York, *supra*, was harmless error beyond a reasonable doubt. Chapman v. California, *supra*. Whether the admission of the statement was harmless error was exhaustively considered by the Supreme

---

2. Brief of the District Attorney, p. 6.

3. In its opinion, filed prior to the decision of the United States Supreme Court in Harris, supra, the Pennsylvania Supreme Court proceeded from this premise to conclude that any use of a statement taken in violation of Escobedo or Miranda was constitutionally impermissible. This conclusion has of course been undermined by Harris.

Court of Pennsylvania. I have reviewed the state record and find that the Pennsylvania Supreme Court was fully justified in concluding that the admission of petitioner's statement was harmless error under federal constitutional standards.